

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

January 20, 1975

The Honorable Jimmie D. Oglesby
County Attorney
Midland County Courthouse
Midland, Texas 79701

Opinion No. H- 499

Re: Whether a commissioners
court is required to pay a fee
awarded an attorney for repre-
sentation of an indigent defendant.

Dear Mr. Oglesby:

You have requested our opinion on several questions arising from
the following situation:

> A capital murder indictment was returned in [a]
> District Court of Midland County. . . . The Judge . . .
> appointed two local attorneys from the same law firm to
> represent the defendant. It was the first capital case
> tried in Midland County under the new ["death penalty"]
> statute, and one of the first such cases tried in this
> State. Thereafter, [the] attorneys appeared in Court
> on pre-trial matters for fractional portions of two
> days, and then spent eight days in actual jury selection
> and trial. On the first day of trial, the Court, on motion
> of the defense, struck from the indictment the capital
> punishment feature, and the balance of the trial was
> conducted under that ruling. The jury convicted the
> defendant of murder with malice and assessed his
> punishment at twenty years confinement. After the
> jury had returned its verdict and the judgment of
> conviction [had been] entered, a hearing was held . . .
> on the matter of the fee to be awarded the attorneys . . .
> under Article 26.05, Sec. 2. . . . Apparently no one . . .
> [participated at the hearing] on behalf of the State or
> County.

At the conclusion of [the] hearing, the . . . Judge
set a fee of $10,000, . . . $4,000 . . . for one lawyer
and $6,000 for the other.  The award of attorneys'
fees was made pursuant to Tex. Code Crim. Proc.
Ann., Art. 26.05, §1, as amended (Supp. 1973). . . .

The order of the . . . Judge was subsequently
presented to the Midland County Commissioners Court
by the lawyers who . . . demanded payment.  The
County had initially budgeted $10,000 for the entire
year of 1974 to pay court appointed counsel in criminal
matters.  At the time the demand was made upon the
Court, $1,800 of that budget had already been disbursed
in other cases, leaving only $8,200 in the budget for
that purpose. . . .

Your first two questions are:

1. Is any sort of Commissioners Court action on this
matter required?  If so, what action is the Court
required to take?

2. Is the order of the Trial Judge conclusive on the
County insofar as the amount of the fee he set?  If
not, by what procedure and by whom may it be
reviewed?

The order awarding attorneys' fees is a determination similar in
nature to the determination which a District Judge makes when he sets
the salary to be paid by a county to an Adult Probation Officer, pursuant
to article 42.12 section 10, Tex. Code Crim. Proc.  The delegation of
such a duty to a District Judge is not unconstitutional.  Commissioners
Court of Lubbock County v. Martin,   471 S.W.2d 100 (Tex. Civ. App.
Amarillo, 1971, writ ref., n.r.e.).

Article 26.05, Tex. Code Crim. Proc., reads (in pertinent part):

Section 1.   A counsel appointed to defend a person accused of a felony or a misdemeanor punishable by imprisonment, or to represent an indigent in a habeas corpus hearing,  shall be paid from the general fund of the county in which the prosecution was instituted or habeas corpus hearing held, according to the following schedule:

(a)  For each day or a fractional part thereof in court representing the accused, a reasonable fee to be set by the court but in no event to be less than $50;

(b)  For each day in court representing the accused in a capital case, a reasonable fee to be set by the court but in no event to be less than $250; . . . .

In the Lubbock County case the appellate court noticed that such determinations by judges carried with them a presumption of necessity and reasonableness,  and held that in disputes about the amount of compensation the burden rests with the resisting commissioners court to show that the judges' actions were so unreasonable, arbitrary and capricious as to amount to an abuse of discretion.

You have asked our opinion concerning the "reasonableness" of the compensation awarded, particularly with respect to making an award to two members of the same firm, consideration by the judge of time spent on out-of-court preparation, and the effect of striking the capital punishment feature from the case in mid-trial.

Whether the case is regarded as a capital case or a non-capital case, article 26.05, Tex. Code Crim. Proc., specifies only the minimum fees which the court may fix.   Fees awarded need only be reasonable.  We cannot resolve disputed questions of fact about the "reasonableness" of the action taken.  If the County believes it can sustain its burden of showing here that the fees are unreasonable it can institute a declaratory judgment or decline to pay and be subject to a mandamus or other proceeding.

### SUMMARY

The commissioners court of a county is under a duty to budget and order paid the amount of any reasonable attorney's fee properly set by a criminal court judge pursuant to article 26.05, Tex. Code Crim. Proc., for the representation of indigent defendants. The trial judge's order can be overturned only on a showing that it was so arbitrary, unreasonable and capricious as to amount to an abuse of discretion. This office cannot resolve disputed fact issues of this type which involve the question of the reasonableness of the fees set.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee